[Cite as *State v. Norris*, 2016-Ohio-5381.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P.J. |
|     Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. William B. Hoffman, J. |
| -vs- | |
| | Case No. 16 CA 7 |
| DARRELL NORRIS | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:  Appeal from the Licking County Common
Pleas Court, Case No. 15 CR 432


JUDGMENT:  Affirmed


DATE OF JUDGMENT ENTRY:  August 15, 2016


APPEARANCES:


For Plaintiff-Appellee  For Defendant-Appellant


BRYAN R. MOORE  STEPHEN T. WOLFE
Assistant Prosecuting Attorney  Wolfe Van Wey & Associates, LLC
20 S. Second Street, Fourth Floor  1350 W. 5th Ave., Suite 124
Newark, Ohio 43055  Columbus, Ohio 43212

*Hoffman, J.*

{¶1} Defendant-appellant Darrell Norris appeals his conviction and sentence entered by the Licking County Court of Common Pleas on one count of felonious assault and one count of domestic violence. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE.

{¶2} On June 27, 2015, Appellant was living with his girlfriend, S.H., and her minor children. On the night of June 27, 2015, S.H. heard a knocking on her front door, observed Appellant through the door's peep hole, opened the door, and hurried back upstairs to her daughter's room.

{¶3} B.A., S.H.'s daughter, was in her room sleeping when she awoke to the sound of someone kicking the door in. She then heard Appellant's voice. Her mother, S.H., was in her room, trying to get her to go back to sleep, when Appellant entered the room with something in his hand.

{¶4} S.H. observed Appellant was notably intoxicated. Appellant demanded she go downstairs. S.H. ran down the stairs, and out the open front door. In the front yard, Appellant caught up to her and grabbed her, wrapping his hands around her. S.H. remembers Appellant punching her in the face and knocking her to the ground. She was in and out of consciousness, but remembers asking Appellant to put the knife in his hand down. Appellant threw the knife on the ground, and eventually into a dumpster. S.H. sustained wounds from the knife, a punch to the face and a bite mark to the face.

{¶5} A neighbor walking by, D'Angelo Lucas, observed S.H. shouting and yelling for Appellant to put the knife down.

{¶6} B.A., S.H.'s daughter, observed from the front porch Appellant with his hands wrapped around her mother; Appellant throw a knife to the ground; and Appellant punch her mother who then fell to the ground. She observed the knife on the ground and identified it at trial.

{¶7} Dr. McFarlane, an Emergency Room Physician at Licking Memorial Hospital, treated S.H. the night of the incident. He observed she had sustained a punch to the face, a bite to the face and a cut to the chest with a knife. Dr. McFarlane testified the chest wound from the knife required stitches.

{¶8} As a result of the incident, Appellant was indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(1) and/or (2), a felony of the second degree; and one count of domestic violence, in violation of R.C. 2919.25(A) and (D)(3), a felony of the fourth degree.

{¶9} Following a jury trial, Appellant was found guilty of both charges, including a special finding of a prior domestic violence conviction. The trial court sentenced Appellant to three years in prison on count one and fifteen months on count two. The trial court ordered the sentences run consecutively. The court further imposed a three year term of post release control.

{¶10} Appellant appeals, assigning as error:

{¶11} "I. THE CHARGES WERE ALLIED OFFENSES OF SIMILAR IMPORT THAT SHOULD HAVE MERGED FOR PURPOSES OF SENTENCING.

{¶12} "II. THE JURY'S VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶13} "III. THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT THE CONVICTIONS.

{¶14} "IV. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO CRIM.R.29."

I.

{¶15} In the first assignment of error, Appellant maintains the trial court erred in failing to merge his convictions on felonious assault and domestic violence, claiming the counts are allied offenses of similar import.

{¶16} R.C. 2941.25 reads:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶17} In *State v. Johnson,* 128 Ohio St.3d 153, 942 N.E.2d 1061, 2010–Ohio–6314, the Ohio Supreme Court held: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.,* at the syllabus. To determine whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is

possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. *Id.* at ¶ 48. If the multiple offenses *can* be committed by the same conduct, then the court must determine whether the offenses *were* committed by the same conduct. *Id.* at ¶ 49. If the answer to both questions is yes, then the offenses are allied and must be merged. *Id.* at ¶ 50. However, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has a separate animus for each offense, then the offenses will not merge, according to R.C. 2941.25(B). *Id.* at ¶ 51.

{¶18} The Ohio Supreme Court in *State v. Ruff,* 143 Ohio St.3d 114, 34 N.E.3d 892, 2015–Ohio–995, addressed the issue of allied offenses, determining the analysis set forth in *Johnson* to be incomplete:

> When the defendant's conduct constitutes a single offense, the defendant may be convicted and punished only for that offense. When the conduct supports more than one offense, however, a court must conduct an analysis of allied offenses of similar import to determine whether the offenses merge or whether the defendant may be convicted of separate offenses. R.C. 2941.25(B).

> A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and

sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.

At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

*Id.* at ¶ 24–26.

**{¶19}** The testimony presented at trial demonstrates S.H. suffered separate harm as a result of the felonious assault and domestic violence offenses. Appellant punched S.H. in the mouth causing harm to her face. S.H. testified she remembered Appellant punching her and knocking her to the ground, rendering her temporarily unconscious. Also, B.A., S.H.'s daughter, testified she watched Appellant hit her mother and her mother

fall to the ground. Dr. McFarlane testified as to the injuries sustained by S.H. as a result of being punched in the face, and the injury sustained to S.H.'s chin, which required stitches.

{¶20} As to the offense of felonious assault committed with the knife, S.H. testified she asked Appellant to put down the knife he had in his hand. She testified he then threw the knife to the ground. She further recounted injuries she received as a result of lacerations caused by the knife, including a wound to the chest requiring stitches.

{¶21} B.A. also testified as to seeing Appellant in her bedroom with something in his hand. She testified she later observed Appellant outside the home with something in his hand, arms wrapped around her mother. He then threw the object to the ground. She observed the object and identified the object at trial as the knife at issue herein. DNA evidence obtained from the knife blade matched DNA evidence obtained from S.H. Dr. McFarlane testified he treated S.H. for a wound to the chest caused by a knife which required stitches.

{¶22} We find, the record demonstrates S.H. suffered separate harm as a result of the commission of domestic violence and felonious assault; therefore, the trial court did not err in not merging Appellant's convictions.

{¶23} The first assignment of error is overruled.

II, III, and IV.

{¶24} Appellant's second, third and fourth assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

**{¶25}** Appellant maintains the trial court erred in overruling his Criminal Rule 29 motion for acquittal and his convictions are against both sufficiency and the manifest weight of the evidence.

**{¶26}** An appellate court reviews a denial of a Crim.R. 29 motion for acquittal using the same standard used to review a sufficiency of the evidence claim. *State v. Larry,* 5th Dist. Holmes No. 15CA011, 2016–Ohio–829, ¶ 20 citing *State v. Carter,* 72 Ohio St.3d 545, 553, 651 N.E.2d 965, 1995–Ohio–104.

**{¶27}** The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "[a]n appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *See State v. Dowdle,* 5th Dist. Stark No.2015CA00119, 2016–Ohio–485, ¶ 16.

**{¶28}** In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins,* 78 Ohio St.3d 380, 387, 678

N.E.2d 541 (1997). Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶29} Appellant was convicted of felonious assault, in violation of R.C. R.C. 2903.11(A)(1) and/or (2), which reads,

> (A) No person shall knowingly do either of the following:
>
> (1) Cause serious physical harm to another or to another's unborn;
>
> (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

{¶30} Appellant maintains the evidence is insufficient and against the manifest weight of the evidence to demonstrate the commission of felonious assault as the State failed to demonstrate he caused serious physical harm or attempted to cause serious physical harm by means of a deadly weapon or dangerous ordnance. We disagree.

{¶31} Numerous witnesses testified at trial as to Appellant's having possession of the knife herein. S.H. testified she recalls Appellant having a knife in his hand and asking him to put the knife down. B.A. testified she observed something in Appellant's hand when he came into her room, and while she watched the altercation outside she saw something in Appellant's hand at the time he had his arms wrapped around her mother. She then saw him throw the object to the ground, observing the object to be a knife, which she identified at trial. D'Angelo Lucas, a bystander, testified he heard S.H. asking Appellant to put the knife down. Further, DNA evidence confirmed S.H.'s DNA matched DNA found on the blade of the knife found by the responding officers herein.

**{¶32}** Further, S.H. sustained numerous lacerations as a result of the incident which were caused by the knife, including a chest wound requiring stitches. Accordingly, we find Appellant's conviction for felonious assault supported by both the sufficiency and manifest weight of the evidence.

**{¶33}** Appellant was further convicted of domestic violence, in violation of R.C. 2919.25(A) and (D)(3),

(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.

***

(D)***

(3) Except as otherwise provided in division (D)(4) of this section, if the offender previously has pleaded guilty to or been convicted of domestic violence, a violation of an existing or former municipal ordinance or law of this or any other state or the United States that is substantially similar to domestic violence, a violation of section 2903.14, 2909.06, 2909.07, 2911. 12, 2911.211, or 2919.22 of the Revised Code if the victim of the violation was a family or household member at the time of the violation, a violation of an existing or former municipal ordinance or law of this or any other state or the United States that is substantially similar to any of those sections if the victim of the violation was a family or household member at the time of the commission of the violation, or any offense of violence if the victim of the offense was a family or household member at the time of the commission of the offense, a violation of division (A) or (B) of this section is a felony of

the fourth degree, and, if the offender knew that the victim of the violation was pregnant at the time of the violation, the court shall impose a mandatory prison term on the offender pursuant to division (D)(6) of this section, and a violation of division (C) of this section is a misdemeanor of the second degree.

**{¶34}** We find the evidence herein demonstrates the parties lived together at all times relevant herein, and Appellant caused physical harm to S.H. by punching her in the face, causing her physical harm.   Accordingly, Appellant's conviction for domestic violence is supported by both the sufficiency and the manifest weight of the evidence.

**{¶35}** Appellant's second, third and fourth assignments of error are overruled.

**{¶36}** The judgment of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, J.

Farmer, P.J.  and

Gwin, J. concur